CL

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

—————————————————
                             :

OCTAVIUS MAY,                  :
                             :

           Petitioner,      :          Crim. A. No.  04-342 (SRC)
                             :

v.                        :
                             :          **OPINION & ORDER**

UNITED STATES OF AMERICA,   :
                             :

           Respondent.     :
—————————————————:

<u>**Chesler, U.S.D.J.**</u>

       This matter comes before the Court on the motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) filed by Petitioner Octavius May. [Docket item 21].  The Court has considered the papers filed in support of and in opposition to the motion, including the supplemental letter submitted by Petitioner [docket item 22], and for the reasons discussed below, the Court denies Petitioner's motion for reduction in sentence.

**I. Background**

       On August 19, 2004, Petitioner pled guilty to a one-count information pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B), charging him with intentional distribution and possession with intent to distribute more than five grams of a mixture or substance containing cocaine base, specifically, crack cocaine.  Petitioner was chargeable with 8.6 grams of crack cocaine, resulting

in a Base Offense Level of 26 under the United States Sentencing Guidelines then in effect.

However, in sentencing Petitioner, the Court determined him to be a "career offender" as defined in Section 4B1.1 of the Sentencing Guidelines, which corresponds to a Base Offense Level of 34. (Tr. of April 1, 2005 sentencing hearing at 11:22-12:5). In determining Petitioner's sentence, the Court found that he demonstrated recognition and affirmative acceptance of personal responsibility for the offense charged and therefore granted Petitioner a two-level downward departure pursuant to Section 3E1.1(a) of the Guidelines. The Court also found that Petitioner had assisted authorities in the investigation of and prosecution of his own misconduct by timely notifying authorities of his intention to enter a guilty plea. The Court therefore granted Petitioner an additional one-level downward departure pursuant to Section 3E1.1(b) of the Guidelines.

As a result of these departures, Petitioner's Total Offense Level was reduced from 34 to 31, which corresponded to a sentencing range of 188 to 235 months. (Tr. at 12:1-5). Pursuant to the government's motion pursuant to 5K1.1 of the Guidelines and 18 U.S.C. § 3553, the Court further departed, finding that a sentencing range of 70 to 87 months, which corresponds to a Total Offense Level of 23, was appropriate based on the extent of Petitioner's cooperation with the government. The Court ultimately imposed a sentence of 78 months. (Tr. at 14:5-19).

## II.  Discussion

Petitioner, who is currently serving a term of imprisonment for an offense involving crack cocaine, argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) in light Amendment 706 to the Sentencing Guidelines, which reduces the base offense level for crack

cocaine offenses by two levels.  The government opposes, arguing that Petitioner's sentence "did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended," but rather that it was his status as a "career offender" that determined his Total Offense Level. Therefore, the government contends, Amendment 706 does not affect the calculation of Petitioner's sentence.   The government is correct.

There is no dispute that Amendment 706 reduces the base offense level for crack cocaine offenses by two levels.  Therefore, the Court need not address the substance of Amendment 706. Although 18 U.S.C. § 3582(c)(2) provides that a court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Sentencing Commission did not reduce the sentencing range for career offenders.  Section 1B1.10(b)(1) of the Guidelines states:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions *that were applied* when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(Emphasis added).  Because the court applied the "career offender" guideline provision in sentencing Petitioner, rather than the guidelines relevant to his crack cocain related offense, Amendment 706 does not affect Petitioner's sentence.  *See e.g., U.S. v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008).  Accordingly, 18 U.S.C. § 3582(c)(2) provides the Court no authority to reduce Petitioner's sentence.  Therefore,

**IT IS** on this 21st day of July 2008,

**ORDERED** that Petitioner's motion for a reduction in sentence is denied.  [Docket item

21].

      s/ Stanley R. Chesler
STANLEY R. CHESLER,
UNITED STATES DISTRICT JUDGE